Bruce K. Medeiros
DAVIDSON BACKMAN MEDEIROS PLLC
601 West Riverside Avenue, Suite 1550
Spokane, Washington 99201
Telephone: (509) 624-4600
Email: bmedeiros@dbm-law.net

Michael R. Johnson (Admitted *Pro Hac Vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Email: mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON, RICHLAND DIVISION

| | |
|---|---|
| 3E PROPERTIES, a Washington general partnership; and EASTERDAY FARMS PRODUCE CO., a Washington corporation,,<br><br>Plaintiffs,<br><br>v.<br><br>RABO AGRIFINANCE LLC, a Delaware limited liability company, fka Rabo Agrifinance, Inc.,<br><br>Defendant. | **Case No. 4:21-CV-05095-SAB**<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Answer and Affirmative Defenses

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY
1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Rabo AgriFinance LLC, f/k/a Rabo Agrifinance, Inc. ("**Rabo**"), through counsel, hereby answer Plaintiffs' Complaint for Declaratory Judgment, Quiet Title and Damages (the "**Complaint**"), and admits, denies and avers as follows:

## ANSWER

Answering the specifically numbered paragraphs of the Complaint, Rabo admits, denies and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Answering paragraph 7, Rabo admits that Easterday Farms Produce, Co. ("**EFPC**"), 3E Properties ("**3E**") and various other parties, including Gale Easterday, Karen Easterday, Cody Easterday, Debby Easterday and Jody Easterday (collectively, the "**Easterday Individuals**") executed the 2009 Credit Agreement and certain other loan and security documents in favor of Rabo on or about

Answer and Affirmative Defenses - 1

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

September 4, 2009. The 2009 Credit Agreement speaks for itself, and Rabo denies all allegations inconsistent therewith.

8. Answering paragraph 8, Rabo admits that 3E and the Easterday Individuals executed and delivered the 2009 Mortgage to Rabo. Rabo further admits that 3E owns a portion of the property that is the subject of the 2009 Mortgage (specifically, Parcel B as described in the 2009 Mortgage), and that the Easterday Individuals own the remaining portion of the property that is the subject of the 2009 Mortgage (specifically, Parcel A as described in the 2009 Mortgage). Rabo also admits that a true and correct copy of the 2009 Mortgage appears to be attached as Exhibit "A" to the Complaint. The 2009 Mortgage speaks for itself, and Rabo denies all allegations inconsistent therewith. Rabo also denies that EFPC is a party to the 2009 Mortgage, or that it pledged any property to Rabo under that mortgage.

9. Answering paragraph 9, Rabo admits that EFPC, 3E, the Easterday Individuals and others executed the "Facility Sheet (Real Estate Term Loan 3)" attached as Exhibit "B" to the Complaint. Rabo also admits that the "Borrowers" under that document promised to pay Rabo money. The Facility Sheet (Real Estate Term Loan 3) speaks for itself, and Rabo denies all allegations inconsistent therewith. Rabo further denies that the document attached as Exhibit "B" to the

Answer and Affirmative Defenses - 2

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Complaint is a Credit Agreement, and affirmatively states that on or about August 9, 2018, EFPC, 3E, the Easterday Individuals and others executed and delivered to Rabo that certain *Master Credit Agreement* which Rabo contends is the actual credit agreement that was executed in 2018.

10. Answering paragraph 10, Rabo admits that to secure in part obligations owed under the aforementioned *Master Credit Agreement* and the aforementioned Facility Sheet (Real Estate Term Loan 3), 3E executed and delivered the 2018 Mortgage to Rabo. Rabo also admits that Exhibit "C" to the Complaint appears to be a true and correct copy of the 2018 Mortgage. The 2018 Mortgage speaks for itself, and Rabo denies all allegations inconsistent therewith. Rabo also denies that EFPC is a party to the 2018 Mortgage, or that it pledged any property to Rabo under that mortgage.

11. Answering paragraph 11, Rabo admits that it filed the UCC-1 financing statements attached as Exhibit "D" to the Complaint, but affirmatively states that, on information and belief, all such UCC-1 financing statements have been terminated. In any event, Rabo does not claim or assert a lien against any personal property owned by either EFPC or 3E.

Answer and Affirmative Defenses - 3

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

12. Answering paragraph 12, Rabo admits that Plaintiffs, through their counsel, requested payoffs of Rabo, through its counsel. Rabo denies all remaining allegations of paragraph 12.

13. Answering paragraph 13, Rabo admits that it provided payoff quotes, and that Exhibit "E" to the Complaint appears to be copies of those payoff quotes. The payoff quotes speak for themselves, and Rabo denies all allegations inconsistent therewith.

14. Answering paragraph 14, Rabo admits that it received $840,718.35 on or about March 23, 2021. All remaining allegations are denied.

15. Answering paragraph 15, Rabo admits that it received $407,089.90 on or about March 23, 2021. All remaining allegations are denied.

16. Answering paragraph 16, Rabo admits that it accepted the payments referenced in paragraphs 14 and 15 above. All remaining allegations are denied.

17. Rabo denies the allegations of paragraph 17, and affirmatively states that the letter attached at Exhibit "G" to the Complaint is a letter sent by attorney Michelle Green to attorney Michael Johnson. Attorney Green is an attorney who represents Plaintiffs, but she is not an actual party to this litigation. Similarly, attorney Johnson is an attorney who represents Rabo, but he is not an actual party to this litigation.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

18.  Rabo denies paragraph 18, and affirmatively alleges (a) that on information and belief the UCC-1 financing statements attached to the Complaint have already been released, (b) Rabo is in the process of releasing the 2018 Mortgage in full, and (c) Rabo is in the process of partially releasing that portion of the 2009 Mortgage that encumbers 3E's real estate identified as "Parcel B" in Exhibit A to the 2009 Mortgage.  Rabo admits, however, that it has not released and will not release "Parcel A" from the 2009 Mortgage, which parcel is owned by the Easterday Individuals and not by EFPC or 3E.

19.  Answering paragraph 19, Rabo admits that Cody Easterday and Easterday Farms owe substantial amounts to Rabo under the "VF Loan" referred to in said paragraph 19.  Rabo denies that the VF Loan was unsecured, and affirmatively states that Parcel A of the 2009 Mortgage secures the obligation, and that Rabo will not voluntarily release Parcel A.  Rabo denies that it ever contended the personal property liens granted by EFPC or 3E secured the unpaid VF Loan.  Rabo also states that, by voluntarily releasing the 2018 Mortgage and that portion of the 2009 Mortgage encumbering 3E's property identified as "Parcel B" in Exhibit A to the 2009 Mortgage, Rabo has determined that it will not seek repayment of the VF Loan from any real or personal property belonging to Plaintiffs.  Rabo's release of the 2018 Mortgage and the 2009 Mortgage as to

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

Parcel B only is not to be construed as an admission that the released property did not secure the VF Loan.

20. Answering paragraph 20, Rabo contends that Parcel A of the 2009 Mortgage, which property is owned by the Easterday Individuals, secures repayment of the VF Loan. Rabo denies for lack of information and belief the contention that Rabo did not inform the borrowers under what is defined in the Complaint as the 2009 Credit Agreement that Cody Easterday was seeking the VF Loan, and in any event denies that it had any obligation to provide such notice. Rabo also notes that Cody Easterday is a general partner of 3E and is or was at the time of the transactions an officer and/or owner of EFPC, and Cody Easterday's knowledge of such matters is imputed to EFPC and 3E under the laws of partnership and agency. All remaining allegations are denied.

21. Answering paragraph 21, Rabo admits that Easterday Farms filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Washington. Rabo also admits that Easterday Farms is a borrower under the VF Loan, but denies that it is the only borrower and affirmatively states that Cody Easterday also is a borrower under the VF Loan. Rabo denies that it has refused to "pursue its claim against the debtor in bankruptcy," and affirmatively states that Rabo has filed a proof of claim in the Easterday Farms bankruptcy case. Rabo

Answer and Affirmative Defenses - 6

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

further denies that it is demanding that Plaintiffs pay the VF Loan, and affirmatively states that it has never contended that Plaintiffs are primarily liable for repayment of the VF Loan (although Rabo also notes that all general partners of Easterday Farms are jointly and severally liable for repayment of the VF Loan under Washington general partnership law). Rabo is in the process of releasing the 2018 Mortgage in full and partially releasing that portion of the 2009 Mortgage that encumbers 3E's real estate identified as "Parcel B" in Exhibit A to the 2009 Mortgage. Once the process of releasing and partially releasing those mortgages has been completed, the VF Loan will no longer be secured by any real or personal property owned by Plaintiffs. Rabo's voluntary release and partial release of those mortgages is not to be construed as an admission that the released real property did not secure the VF Loan.

22. Answering paragraph 22, Rabo incorporates and reasserts its answers to paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

23. Denied. Further, Rabo affirmatively states that, while it does contend that Parcel A of the 2009 Mortgage secures repayment of the VF Loan, neither Plaintiff has any interest in Parcel A and they lack standing to challenge Rabo's legal contentions regarding the matter.

Answer and Affirmative Defenses - 7

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

24. Denied. Further, Rabo affirmatively states that, while it does contend that Parcel A of the 2009 Mortgage secures repayment of the VF Loan, neither Plaintiff has any interest in Parcel A and they lack standing to challenge Rabo's legal contentions regarding the matter. Rabo also notes that, to the extent paragraph 24 of the Complaint seeks relief with respect to the 2018 Mortgage and/or Parcel B as defined in Exhibit "A" to the 2009 Mortgage, such relief is moot and unnecessary as Rabo has released (or is in the process of releasing) its liens on such assets.

25. Answering paragraph 25, Rabo incorporates and reasserts its answers to paragraphs 1 through 24 of the Complaint, as if fully set forth herein.

26. Answering paragraph 26, Rabo admits that it claims a right, title or interest in the real property identified in the 2009 Mortgage as Parcel A. As set forth in paragraph 21 above, upon the completion of the release and partial release referenced therein, Rabo will no longer claim a right, title or interest in any real or personal property owned by Plaintiffs, and affirmatively states that neither Plaintiff has an interest in Parcel A. All remaining allegations are denied.

27. Denied.

28. Answering paragraph 28, Rabo incorporates and reasserts its answers to paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

29. Admitted, on information and belief, that Plaintiffs and "other non-parties" have custody and control of the Real Property, but denied that Plaintiffs have custody and control of the property described as Parcel A in Exhibit "A" to the 2009 Mortgage.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Answering paragraph 34, Rabo admits that it received the payments identified in paragraphs 14 and 15 above. Rabo denies the remaining allegations of paragraph 34, and affirmatively states that it has either released or will release the 2009 Mortgage as to Parcel B only and the 2018 Mortgage in its entirety, but only to the extent those mortgages encumber real estate owned by 3E. Rabo also affirmatively states that, to its knowledge, EFPC has never had an ownership interest in any of the real property encumbered by the 2009 or 2018 Mortgages.

35. Denied.

36. Denied based upon the previously described release and partial release referenced in paragraphs 21.

37. Denied.

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

38. Answering paragraph 38, Rabo incorporates and reasserts its answers to paragraphs 1 through 37 of the Complaint, as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Answering paragraph 45, Rabo states that the terms of the 2009 Mortgage speak for themselves, and it denies all allegations inconsistent therewith.

46. Denied.

47. Answering paragraph 47, Rabo incorporates and reasserts its answers to paragraphs 1 through 46 of the Complaint, as if fully set forth herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Answering paragraph 52, Rabo incorporates and reasserts its answers to paragraphs 1 through 51 of the Complaint, as if fully set forth herein.

Answer and Affirmative Defenses - 10

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

53. Denied. Further, Rabo affirmatively alleges that, to its knowledge, the UCC-1 financing statements attached to the Complaint have, in fact, been released.

54. Denied. Further, Rabo affirmatively alleges that Plaintiffs lack standing to assert that Rabo's conduct has "damaged others."

55. Denied.

56. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Rabo, in whole or in part, upon which relief may be granted. For example, to the extent the Complaint seeks declaratory relief or quiet title claims against any real or personal property owned by Plaintiffs, the Complaint fails to state a claim against Rabo because Rabo will no longer claim a lien on or interest in any real or personal property owned by Plaintiffs upon completion of the previously described release and partial release referenced in paragraphs 21. Further, to the extent the Complaint asserts quiet title or declaratory relief claims on behalf of EFPC against any real property owned by EFPC, the Complaint fails to state a claim against Rabo because, to Rabo's knowledge, Rabo has never asserted a lien on or other interest in real property owned by EFPC. Additionally, to the extent the Complaint asserts quiet title or declaratory relief claims related to the property described as Parcel A in Exhibit A

Answer and Affirmative Defenses - 11

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

to the 2009 Mortgage, the Complaint fails to state a claim against Rabo because neither Plaintiff owns or otherwise has an interest in that property, and therefore they lack standing to challenge Rabo's liens on that property.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, or alternatively their claims should be dismissed, because Plaintiffs have failed to join necessary and indispensable parties. Specifically, the Easterday Individuals, not Plaintiffs, are the record owners of Parcel A encumbered by the 2009 Mortgage, and they are signatories to that mortgage. Plaintiffs have asserted claims challenging Rabo's right with respect to the 2009 Mortgage, and all property secured thereby. If Plaintiffs desire to raise any claims related to the 2009 Mortgage they must join the Easterday Individuals as additional parties, because in their absence the Court cannot afford complete relief related to the 2009 Mortgage, and Rabo could be subject to double, multiple or otherwise inconsistent rulings regarding the 2009 Mortgage.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' lack standing to assert any claims or rights belonging to third parties, such as the Easterday Individuals, or to seek legal, equitable or other relief from Rabo related to any real or personal property belonging to third parties such as the Easterday Individuals.

Answer and Affirmative Defenses - 12

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

## FOURTH AFFIRMATIVE DEFENSE

Any claims asserted by EFPC related to the 2009 Mortgage and/or the 2018 Mortgage or any real property encumbered thereby should be dismissed, with prejudice, because EFPC has no ownership interest in such real property and is not a party to the mortgages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' own conduct including, but not limited to, waiver, modification, agency, ratification, consent, acquiescence, and/or failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

The alleged damages claimed by Plaintiffs, if any, were proximately caused or solely caused by a person or persons over whom Rabo had no control or any duty to control at any relevant time, including but not limited to Cody Easterday who apparently engaged in criminal wrongdoing and allegedly committed one of the largest frauds in the history of the State of Washington, which conduct is believed to have led to Chapter 11 filings of Easterday Farms and Easterday Ranches and the removal of the Easterdays from any management of their companies. It is the actions of those persons, not Rabo, which would have

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

precluded Plaintiffs from securing any financing or otherwise using their properties in a manner in which they claim they were entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Rabo denies all liability in this case. However, in the unlikely event the Court or jury should find any responsibility on the part of Rabo, Rabo invokes the doctrine of proportionate responsibility. Further, in the unlikely event the Court or jury should find Rabo responsible along with any other party, settling person, or responsible third party, any recovery against Rabo must be reduced in accordance with the provisions of Washington law.

## EIGHTH AFFIRMATIVE DEFENSE

Rabo reserves the right to assert additional defenses, or to delete defenses already plead, to the extent such defenses become known as a result of discovery or otherwise.

DATED this 27th day of August, 2021.

DAVIDSON BACKMAN MEDEIROS PLLC

 /s/ Bruce K. Medeiros
Bruce K. Medeiros, WSBA No. 16380
601 West Riverside Avenue, Suite 1550
Spokane, Washington  99201
Telephone:  (509) 624-4600
Email:  bmedeiros@dbm-law.net

Answer and Affirmative Defenses - 14

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600

-and-

RAY QUINNEY & NEBEKER P.C.

Michael R. Johnson (*Admitted Pro Hac Vice*)
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Email: mjohnson@rqn.com

*Attorneys for Rabo AgriFinance LLC*

DAVIDSON BACKMAN MEDEIROS
ATTORNEYS AT LAW
A PROFESSIONAL LIMITED LIABILITY COMPANY

1550 BANK OF AMERICA FINANCIAL CENTER
601 WEST RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
FACSIMILE: (509) 623-1660
(509) 624-4600